IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER STEWARD, et al., *on behalf of themselves and all others similarly situated*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 18-cv-1124-SMY ) ) |
| HONEYWELL INTERNATIONAL, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 163) which Defendant Honeywell International, Inc. opposes (Doc. 168). For the following reasons, the Motion is **GRANTED**.

### Background

Plaintiffs allege that from 1963 to 2017 a plant making uranium hexafluoride ("UF6") operated on the outskirts of Metropolis, Illinois and emitted air contaminated with radioactive and other toxic materials. They further allege that throughout the years, this material settled into the soil and buildings around Metropolis causing economic and property loss and damages. In this purported class action, Plaintiffs seek compensation for property damage, personal injuries, and remediation from Defendant Honeywell International, Inc. ("Honeywell"), which now owns the plant.

In the First Amended Complaint, Plaintiffs asserted state law claims of negligence, trespass, nuisance, property damage, failure to warn, ultra-hazardous activity, gross negligence and negligent infliction of emotional distress (Counts I – VIII). Plaintiffs also asserted federal

claims pursuant to the Resource Conservation and Recovery Act ("RCRA), 42 U.S.C. § 6901, *et seq*. (Count IX), the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* (Count X), and the Clean Air Act ("CAA"), 42 U.S.C. § 7401, *et seq*. (Count XI).  Honeywell moved to dismiss and on June 29, 2020, the Court dismissed Counts I to VIII with prejudice, finding that Plaintiff's state law claims were preempted by the Price Anderson Nuclear Liability Act of 1957, 42 U.S.C. §§ 2011 ("PAA").  The Court also dismissed with prejudice the RCRA claim (Count IX) and the CAA claim to the extent Plaintiffs alleged Honeywell's violation of its Title V permit (Count XI).

Plaintiffs filed the instant motion seeking leave to file a Second Amended Complaint "to incorporate the findings of Plaintiffs' subsequent research and testing" and "to specifically allege a public liability claim under the PAA".  The proposed Second Amended Complaint asserts a violation of the PAA, negligence/gross negligence, trespass, nuisance, strict liability, medical monitoring (Count I and Count I subparts A to E).  Plaintiffs also assert state law claims as to non-radioactive hazardous substances (Count II), violations of CERCLA (Count III) and the CAA (Count IV).

### Discussion

Under Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once by right, that party may amend the pleading again only by leave of court or by written consent of the adverse party.  While Rule 15(a) is discretionary, leave to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party.  *See Jackson v. Rockford Housing Authority,* 213 F.3d 389, 390 (7th Cir. 2000).

Honeywell asserts that Plaintiffs' motion seeking leave should be denied for a number of reasons.  First, Honeywell argues that Plaintiffs' waited more than six months after the motion to

dismiss was granted to seek leave to amend to add claims that they have disavowed for years despite being advised by the Court to replead under the PAA. Honeywell points out that two different magistrate judges advised Plaintiffs to include PAA claims in two separate conference in 2018 and 2019. Instead, Plaintiffs waited for the Court's ruling on Honeywell's motion to dismiss before pursuing an amended complaint. Honeywell maintains that Plaintiffs' actions constitute undue delay, dilatory motives, and bad faith by requiring Honeywell to engage in years of unnecessary discovery. Honeywell also asserts that Plaintiffs' claims are futile – maintaining that the Second Amended Complaint "fails to meet even the most basic pleading standards."

Honeywell's rendition of the procedural history is not totally accurate. The discovery produced to date was tailored to Plaintiffs' statutory environmental claims and tort claims whether evaluated as stand-alone or brought under the PAA. In denying Honeywell's requests to stay discovery, both magistrate judges recognized that this case would continue even if the Court dismissed Plaintiffs' claims based on PAA preemption because Plaintiffs would be free to replead under the PAA. An amendment at this juncture would not unfairly prejudice Honeywell, who has known that Plaintiffs would replead under the PAA if the Court ruled that the PAA applied. There is also no undue delay, bad faith, or dilatory motive by Plaintiffs simply because they waited for the Court's ruling on the motion to dismiss prior to seeking leave to amend. And, despite the age of this case, it has not progressed passed the pleading stage.

As for Honeywell's futility argument, leave to amend should be granted unless it is certain from the face of the Complaint that any amendment would be futile or otherwise unwarranted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519–20 (7th Cir. 2015). Cases of clear futility at the outset of a case are rare. *Id*. For that reason, the Seventh Circuit admonishes that the "better practice is to allow at least one amendment regardless

of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." *Runnion ex rel. Runnion,* 786 F.3d at 519–20 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).

Here, the Court cannot conclude from the face of the proposed Second Amended Complaint that amendment would be futile or otherwise unwarranted. Honeywell's contention that Plaintiffs' allegations do not adequately state claims for relief may appropriately be raised by a motion to dismiss. Accordingly, Plaintiffs' Motion for Leave (Doc. 163) is **GRANTED**. Plaintiffs are **ORDERED** to file an unredacted Second Amended Complaint instanter.

**IT IS SO ORDERED.**

**DATED:** May 27, 2021

**STACI M. YANDLE**
**United States District Judge**