IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER STEWARD, et al., *on behalf of themselves and all others similarly situated,* | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) Case No. 18-cv-1124-SMY ) |
| HONEYWELL INTERNATIONAL, INC., | ) ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In this putative class action, Plaintiffs allege that from 1959 to 2017, a plant making uranium hexafluoride operated on the outskirts of Metropolis, Illinois and emitted air contaminated with radioactive and other toxic materials. They further allege that throughout the years, this material settled into the soil and buildings around Metropolis causing property loss and damages. Plaintiffs seek compensation from Defendant Honeywell International, Inc. ("Honeywell"), which now owns the plant.

In the Second Amended Complaint (Doc. 174)[1], Plaintiffs assert violations of the Price Anderson Act ("PAA"), 42 U.S.C. § 2210 *et seq.* and assert state law claims of negligence/gross negligence, trespass, nuisance, strict liability, and medical monitoring (Count I); state law claims related to non-radioactive hazardous substances (Count II); and federal claims pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

---

[1] Plaintiffs' original complaint alleged nine state law causes of action related to Honeywell's operations of the plant (Doc. 1). Plaintiffs later amended the complaint to add several statutory claims (Doc. 89). Honeywell moved to dismiss the amended complaint, which the Court granted in part finding that Plaintiffs' state law claims were preempted by the Price Anderson Act, 42 U.S.C. § 2210 *et seq.* (Doc. 151). Plaintiffs subsequently moved for leave to amend the complaint to comport with the PAA, which the Court granted (Docs. 163, 173).

U.S.C. § 9601, *et seq.* (Count III) and the Clean Air Act ("CAA"), 42 U.S.C. § 7401, *et seq*. (Count IV).

Now pending before the Court is Honeywell's Third Motion to Dismiss for Failure to State a Claim (Doc. 177). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

## Background

The following factual allegations are taken from Plaintiffs' Second Amended Complaint and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Honeywell and its predecessor operated a nuclear plant on the outskirts of Metropolis, Illinois from 1959 until late 2017 (the "Plant"). The Plant processed uranium ore into uranium hexafluoride ("UF6"). The UF6 generated by the Plant was highly toxic radioactive gas which other facilities acquired for purposes of enriching or purifying into fuel for nuclear reactors or bombs. The air monitoring system inside the Plant was inadequate and grossly underestimated the actual uranium levels present, resulting in the Plant consistently underreporting uranium contamination to federal regulators. The Plant continuously used a system of fans and ducts to vent air from within to the atmosphere while in operation. This air was laden with radioactive and non-radioactive hazardous waste. Even after operations ceased, the Plant continues to leak radioactive and hazardous contamination offsite into the Metropolis community through air and groundwater.

Plaintiffs reside within 0.4 to 2.5 miles of the Plant. Their properties have been contaminated by radioactive material and other toxic substances emanating from the Plant. Dozens of samples taken on and around the Plaintiffs' properties and at other locations throughout Metropolis confirm an elevated presence of radioactive particles which are traced to the Plant. In

addition, testing of soil and homes throughout Metropolis reveal microscopic particles of uranium, thorium, plutonium, and radium emitted from the Plant. Those particles are repeatedly re-suspended in the air through normal household activities like playing, cleaning, gardening, or simply walking through the yard or up the stairs.

The risk of cancer posed by the extensive carcinogenic contamination in the Metropolis area correlates with abnormally high cancer rates in the area and low home values. The Plant has contaminated Plaintiffs' properties and other properties throughout Metropolis in excess of state and federal dose requirements, including those set forth in 10 C.F.R. Part 20 and its predecessors and 40 C.F.R. Part 190.

Plaintiffs seek to represent a class of all property owners within the town of Metropolis, Illinois and property owners within 3 miles of the Plant. Plaintiffs seek damages for loss of use and enjoyment or property, diminution of property value, annoyance, inconvenience, punitive and property damage, including remediation and medical monitoring as well as injunctive and declaratory relief as necessary to protect human health and the environment.

## Discussion

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555).

The PAA was enacted in furtherance of the Atomic Energy Act of 1954, 42 U.S.C. § 2011, *et seq.*, to encourage private investment in nuclear energy by ensuring that public funds are available to compensate affected parties in the event of a nuclear incident and to limit liability for such nuclear incidents. 42 U.S.C. § 2012; *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 64-65 (1978). At the time of its enactment, the Atomic Energy Act provided for the licensing of privately constructed and operated nuclear power plants that would be supervised by the Atomic Energy Commission (now the NRC). *Id*. at 63. The PAA subsequently required such licensed facilities to purchase private liability insurance in exchange for indemnification by the federal government for damages more than the amount covered by private insurance. *Id*. 64-5; 42 U.S.C. § 2210(a - c). Through various amendments, the funds used to compensate victims were broadened to include indemnification from a fund subsidized by nuclear reactor owners. *Id*.

Through the Price-Anderson Amendments Act of 1988 ("Amendments Act"), Congress gave federal courts original jurisdiction over "any public liability action arising out of or resulting from a nuclear incident." 42 U.S.C. § 2210(n)(2); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 856-857 (3rd Cir. 1991). A plaintiff must establish four elements to prevail on a claim under the PAA: (1) defendant released radiation into the environment in excess of federal regulatory limits; (2) plaintiff was exposed to this radiation; (3) plaintiff has injuries; and (4) radiation was the cause of those injuries. *See In re TMI*, 67 F.3d at 1119.

Honeywell argues that Plaintiffs have failed to state a cognizable claim under the PAA because: (1) Plaintiffs fail to allege that they were exposed to radiation in excess of the Nuclear Regulatory Commission ("NRC") qualifying radiation dose limits; (2) Plaintiffs have failed to plead exposure in terms of a "total effective dose equivalent" ("TEDE") – which Honeywell maintains is "a necessary element of a PAA claim"; (3) Plaintiffs failed to plead that they were actually exposed to an NRC-defined qualifying level of radiation; and (4) Plaintiffs fail to plead an actual injury from the alleged radiation exposure.

Honeywell's arguments place a higher burden on Plaintiffs than required under federal pleading rules. It cites *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994), *Carey v. Kerr-McGee Chem. Corp.*, 60 F.Supp.2d 800, 811 (N.D. Ill. 1999), and *McGlone v. Centrus*, 2020 WL 4431482, at *3-5 (S.D. Ohio July 21, 2020) for the proposition that failure to plead specific exposures that exceed the NRC-defined limits is a basis for dismissal. But those decisions did not address pleading standards. In *O'Connor*, the Seventh Circuit affirmed summary judgment for the defendant because plaintiff could not show that federal safety standards regarding permissible radiation doses were exceeded. *O'Conner*, 13 F.3d at 1107. Similarly, *Carey* was also decided on summary judgment after extensive discovery failed to establish evidence that defendant exceeded the federal dose limits. *Carey*, 60 F.Supp.2d at 811.

True, Plaintiffs will ultimately need to prove that they were exposed to radiation in excess of the maximums established by the federal safety regulations to prevail on a PAA claim, but not on the face of their Complaint. *See Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004) ("the federal rules do not require plaintiffs to plead either facts or law."). *F.R.C.P.* 8 only requires notice pleading, and Plaintiffs' allegations in the 90-page Second Amended Complaint are more than adequate to put Honeywell on notice of the claims asserted against it.

*McGlone* is also distinguishable. In *McGlone*, the plaintiffs alleged that their properties were in proximity to the radiative facility which "put [the plaintiffs'] properties in the direct path of radioactive air emissions, radioactive particles distributed by the wind blowing such contamination off the site in dirt and dust, most if not all of which emanate from [the facility]". *McGlone*, 2020 WL 4431482, at *3. The court found these allegations insufficient and dismissed the plaintiffs' PAA claim because "nowhere [did] plaintiffs specifically claim that they or their properties were exposed to radiation in excess of federal limits". *Id*. at *4.

Here, Plaintiffs allege that Honeywell violated federal regulatory standards, including 10 C.F.R. § 20.1301 and 10 C.F.R. § 20.1302 (and their predecessors 10 C.F.R. § 20.105 and 10 C.F.R. § 20.106). Plaintiffs further allege that Honeywell underreported the types and amounts of radioactive material released by the Plant and that "[t]he Plant has contaminated Plaintiffs' properties in excess of state and federal dose requirements including, to the extent they are applicable, those set forth in 10 C.F.R. Part 20." Other allegations include that Plaintiffs' "property has been contaminated in excess of the limits established in 10 C.F.R. § 20.1301, *et seq*. and its predecessors" and that "[t]esting on other properties throughout the Class Area has also revealed levels of contamination in excess of limits established in 10 C.F.R. § 20.1301, *et seq*. and its predecessors." These allegations, among many others in the Second Amended Complaint, satisfy Plaintiffs' pleading requirements under Rule 8. As such, the Second Amended Complaint states a colorable claim. *See*, *Cler v. Illinois Educ. Ass'n,* 423 F.3d 726, 729 (7th Cir. 2005).

### *Ultrahazardous/Strict Liability*

In Illinois, "[a] defendant who performs an abnormally dangerous or ultrahazardous activity is subject to liability for harm to the person, land, or chattels of a plaintiff resulting from the activity, although the defendant has exercised the utmost care to prevent the harm." *In re*

*Chicago Flood Litig.*, 176 Ill. 2d 179, 208, 680 N.E.2d 265, 279 (1997), holding modified by *Andrews v. Metro. Water Reclamation Dist. of Greater Chicago*, 2019 IL 124283, 160 N.E.3d 895; *See Restatement (Second) of Torts* § 519, at 34 (1977).

Allowing a claim for ultrahazardous/strict liability would be inconsistent with the PAA and would create the possibility that Honeywell would meet the federal standard of care mandated, but still be held strict liable under Illinois state law. *See* W*ilcox,* 401 F.Supp.2d at 1201; *Koller v. Pinnacle West Capital Corp.,* 2007 WL 446357, at *3 (D. Ariz. Feb. 6, 2007) (granting motion to dismiss strict liability count); *McLandrich v. So. Cal. Edison Co.,* 942 F.Supp. 457, 465 n. 7 (S.D. Cal. 1996) (noting that "applying the 'ultrahazardous activities' doctrine here would be clearly inconsistent with the Price–Anderson Act."); *Adkins,* 960 F.Supp.2d at 766, 768 (same in uranium exposure case). Therefore, Plaintiff's ultrahazardous/strict liability claim is dismissed with prejudice as preempted by the PAA.

## Conclusion

For the foregoing reasons, Defendant Honeywell International, Inc.'s Third Motion to Dismiss (Doc. 177) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

**DATED:  October 5, 2022**

**STACI M. YANDLE
United States District Judge**