IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER STEWARD, et al.,** *on behalf of themselves and all others similarly situated,* | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) Case No. 18-cv-1124-SMY<br>) |
| **HONEYWELL INTERNATIONAL, INC.,** | )<br>) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Honeywell International Inc.'s Consent Motion to Substitute Expert (Doc. 324). Honeywell moves to withdraw John R. Frazier, Ph.D., CHP as a Rule 26(a)(2) expert witness and disclose Charles A. Wilson IV, Ph.D., CHP instead. Plaintiffs have consented to the substitution.

The Federal Rules of Civil Procedure do not expressly delineate the process or standard a court should utilize when faced with a motion to substitute an expert. That said, the Court views Honeywell's motion as a request to reopen the deadlines imposed in the scheduling order under Federal Rule of Civil Procedure 16(b)(4). *See e.g.*, *Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010). Under Rule 16, the court may modify a scheduling order if the party seeking modification shows good cause. When considering whether good cause exists, "the primary consideration for courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Honeywell timely disclosed Dr. Frazier pursuant to the operative scheduling order. While preparing for trial this year, however, counsel for Honeywell became aware that Dr. Frazier had

begun experiencing health issues that could interfere with his ability to testify. On September 8, Dr. Frazier informed Honeywell's counsel of a material change in his health resulting in his inability to testify at trial. Honeywell recently engaged Dr. Wilson, a credentialed health physicist with dose calculation expertise, to review Dr. Frazier's report and the materials related to this case in the event Dr. Frazier's condition was to affect his ability to testify. Dr. Wilson has arrived at many of the same conclusions as Dr. Frazier and is prepared to step in for Dr. Frazier without any undue delay to this case.

The Court finds good cause for allowing Honeywell to substitute its expert and Plaintiffs will suffer no prejudice if the motion is granted. Honeywell has offered Dr. Wilson for deposition before trial and Plaintiffs will have sufficient time to examine Dr. Wilson's report, depose him, and to prepare for cross-examination. Accordingly, the motion is **GRANTED**.

**IT IS SO ORDERED.**
**DATE: October 6, 2025**

**STACI M. YANDLE**
**United States District Judge**